UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BEVERLY RICHARDSON,

    Plaintiff,

v.

SAM'S EAST, INC.,

    Defendant.

Case No. 25-13034
Honorable Laurie J. Michelson

---

**ORDER GRANTING MOTION TO AMEND AND REMAND [16]**

---

On or around February 20, 2025, Beverly Richardson slipped and fell at a Sam's Club in Southfield, Michigan. (ECF No. 1-2, PageID.12–13.) That fall, alleges Richardson, caused severe injury to her left leg and knee, resulting in the "eventual amputation of her left knee." (*Id.* at PageID.13.) On August 18, 2025, Richardson sued Sam's Club in the Oakland County Circuit Court for negligence and premises liability. (ECF No. 1-2.) On September 25, 2025, Sam's Club removed the case to this Court, asserting diversity jurisdiction. (ECF No. 1, PageID.3.) Richardson now seeks leave to amend her complaint to join Jimmie Tenner, the former Sam's Club employee who allegedly caused the condition that led to her fall, as a new defendant. (ECF No. 16, PageID.103–104.) She also asks this Court to remand the case back to the Oakland County Circuit Court because Tenner's joinder would destroy complete diversity between the parties and thus eliminate the Court's subject matter jurisdiction. (*Id.*) The motion is fully and adequately briefed (ECF Nos. 19, 20), so the

Court will decide it without a hearing. *See* E.D. Mich. LR 7.1(f)(2). For the reasons that follow, Richardson's motion is GRANTED.

## I.

28 U.S.C. § 1447(e) governs post-removal joinder that may eliminate a court's jurisdiction. *See Telecom Decision Makers, Inc. v. Access Integrated Networks, Inc.*, 654 F. App'x 218, 221 (6th Cir. 2016). "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). In this situation, a court must "exercise discretion and adopt one of the two options available to it." *Phillip-Stubbs v. Walmart Supercenter*, No. 12-10707, 2012 WL 1952444, at *4 (E.D. Mich. May 25, 2012).[1]

Four factors guide courts on how to exercise their discretion under § 1447(e): "(1) the extent to which the proposed amendment's intent was to destroy federal jurisdiction, (2) whether the plaintiff was dilatory in filing the motion to amend, (3) whether the plaintiff would be significantly injured if the motion to amend were

---

[1] The parties also rely on fraudulent/improper joinder rules (*see, e.g.*, ECF No. 19, PageID.142–143) and Federal Rule of Civil Procedure 15 (*see, e.g.*, ECF No. 16, PageID.108) to advance their positions. The Court acknowledges that "[t]he relationship between Rule 15, § 1447(e), and fraudulent joinder is an open question in the courts, with circuit splits and intra-circuit splits abounding." *Kim v. Accident Ins. Co., Inc.*, No. 23-1220, 2024 WL 3558381, at *4 (M.D. Tenn. July 26, 2024). But this Court will follow "[m]ost courts and commentators" who "embrace the applicability of Section 1447(e) under such circumstances." *Id.* at *5. (citation omitted); *see also Glover v. Kia Motors Am., Inc.*, No. 17-2825, 2018 WL 1976033, at *4 (W.D. Tenn. Apr. 25, 2018) ("the Sixth Circuit does recognize that § 1447(e), not Rule 15, governs when leave is sought to join a nondiverse defendant <u>after removal</u>") (emphasis in original) (citing *Telecom Decision Makers, Inc.*, 654 F. App'x at 221).

denied, and (4) any other equitable factors." *Telecom Decision Makers, Inc.*, 654 F. App'x at 221 (citations omitted). The Court will evaluate each one.

### A.

The first factor—whether a plaintiff seeks to amend in order to defeat jurisdiction—is the touchstone of the analysis. *See Glover*, 2018 WL 1976033, at *4 ("Courts have consistently held that the first factor, the plaintiff's motive for seeking post-removal joinder of a nondiverse defendant, is of 'paramount importance.'") (citation omitted) (collecting cases). Timing is key. A plaintiff seeking to amend shortly after removal tends to evidence an intent of defeating diversity. *See id.*; *Mayes v. Rapoport*, 198 F.3d 457 (4th Cir. 1999) ("[W]here, as here, a plaintiff seeks to add a nondiverse defendant immediately after removal but before any additional discovery has taken place, district courts should be wary that the amendment sought is for the specific purpose of avoiding federal jurisdiction.")

But that did not happen here. Sam's Club removed this case on September 25, 2025. (ECF No. 1.) Richardson did not file her motion for over three months.[2] (ECF No. 16.) Richardson's counsel discovered Tenner's identity after viewing footage from Sam's Club, which, she says, then prompted the motion. (*Id.* at PageID.103.) That sequence of events does not support a finding that Richardson filed this motion to defeat the Court's jurisdiction. *See Phillip-Stubbs*, 2012 WL 1952444, at *2 (finding that plaintiffs' intent was not to defeat jurisdiction after seeking to join individual defendants based on receipt of new information that supported joinder).

---

[2] Whether that delay is dilatory is analyzed under the second factor.

And Richardson's motion was not a surprise. In the parties' joint discovery plan, she disclosed her intent to join the allegedly negligent Sam's Club employee (whose identity was at that point unknown) as a defendant: "Plaintiff would like to amend the pleadings to add a John Doe Defendant until the time that Defendant reveals the identity of the employee believed to have created the hazard that caused Plaintiff to fall sustaining injuries." (ECF No. 8, PageID.82.) And the Court adjourned the scheduling conference to allow that process to unfold, which it now has. *See Richardson v. Sam's East, Inc.*, Case No. 25-13034 (E.D. Mich. Oct. 19, 2025) (Minute Entry Dated October 19, 2025) ("The Court adjourns the completion of the scheduling conference . . . while the parties complete some preliminary discovery . . . to ascertain the citizenship of a potential additional defendant.").

With the citizenship of Tenner, the "potential additional defendant," now ascertained, Richardson has moved to join him as a defendant—and, in so doing, to remand this case precisely *because* of that ascertained citizenship. The record and timing underlying those requests do not indicate that she seeks to do so to defeat this Court's jurisdiction, so this factor weighs in favor of Richardson.

**B.**

The second factor asks whether Richardson was dilatory in seeking to amend. True enough, Richardson did not file her motion until January 7, 2026—despite learning about Tenner's identity on November 14, 2025, and conferring with opposing counsel about her motion just days after on November 19, 2025. (ECF No. 16, PageID.111.) So the intervening 49 days may seem dilatory at first. But putting

4

Thanksgiving, the holidays, and New Years to the side, a court in this District has found a timeframe *longer* than 49 days to *not* be dilatory in this context. *See Siedlik v. Stanley Works, Inc.*, 205 F. Supp. 2d 762, 765 (E.D. Mich. 2002) ("[T]he Court is not satisfied that waiting four months to file this motion necessarily would constitute dilatory conduct."). Plus, the parties' joint discovery plan "put[] [Sam's Club] on notice shortly after removal that [Richardson] wanted to add the allegedly-negligent employee as a defendant." *Colletti v. Menard, Inc.*, No. 14-13538, 2015 WL 404356, at *4 (E.D. Mich. Jan. 29, 2015). The timing factor favors Richardson as well.

## C.

The third factor looks at whether Richardson would be "significantly injured" if the Court denied joinder. This factor begins and ends with Richardson's proposed amended complaint, which expressly alleges that Tenner "act[ed] within the course and scope of his employment" when the alleged negligent conduct occurred (ECF No. 16, PageID.125). That means, as Richardson herself alleges, that Sam's Club would be vicariously liable for any recovery. (*Id.* at PageID.119, PageID.123 (alleging for all counts against it that Sam's Club is "vicariously liable under the doctrine of *respondeat superior* for the acts or omissions of any of its agents, contractors, employees or other entities under its ownership or control").) The result: Richardson would not be injured if the Court did not allow her to join Tenner in this case. *See Lawson v. Lowe's Home Centers, LLC*, No. 13-374, 2015 WL 65117, at *4 (E.D. Ky. Jan. 5, 2015) ("Other district courts in this circuit have also found that a plaintiff is

not substantially prejudiced when it could obtain complete relief without joining additional parties.") (collecting cases).

Richardson resists this conclusion. She maintains that "[d]enying joinder would prevent [her] from obtaining full relief." (ECF No. 16, PageID.109.) To support her position, Richardson first cites a Michigan statute involving joint and several liability. (*Id.*) But that statute expressly "does not abolish an employer's vicarious liability for an act or omission of the employer's employee." Mich. Comp. Laws § 600.2956. And the case she then cites, *Zsigo v. Hurley Med. Ctr.*, states a rule for employees who "act[] *outside* the scope of [their] employment." 475 Mich. 215, 217 (Mich. 2006) (emphasis added). That case will not support Richardson—who, again, expressly alleges that Tenner "act[ed] *within* the course and scope of his employment" when the alleged negligent conduct occurred (ECF No. 16, PageID.125) (emphasis added).[3] So unlike the prior two factors, this factor favors Sam's Club.

### D.

The final factor examines any other equities. To be sure, Sam's Club has a right to a federal forum. *See* Cont. Art. III § 2. But Richardson also has a right to "fashion [her] lawsuit, select [her] causes of action, and advance theories against the parties

---

[3] Richardson also leans on Sam's Club's Notice of Non-Party Fault to seemingly show that recovery may not end with Sam's Club but instead extend to Tenner. (*See* ECF No. 20, PageID.151–152 ("Defendant is aware that the conduct of others (Mr. Tenner) was a proximate cause [of] Plaintiff's injuries which is precisely why Defendant filed a notice of non-party at fault.").) But Sam's Club did not list Tenner (or any individual or entity) as a non-party partially or wholly at fault. (*See* ECF No. 18.) It instead referred to non-parties "that become known through the course of further discovery." (*Id.* at PageID.134.)

of [her] choosing." *Phillip-Stubbs*, 2012 WL 1952444, at \*4. That is especially true when, as here, a plaintiff's joinder of a nondiverse defendant did not result from a primary desire to defeat a court's jurisdiction. *See J. Lewis Cooper Co. v. Diageo N. Am., Inc.*, 370 F.Supp.2d 613, 618–19 (E.D. Mich. 2005). So the final factor sways to Richardson.

## II.

Three factors weigh in favor of Richardson, and one factor weighs in favor of Sam's Club. Given that balance, and that the factor of "primary importance" supports Richardson, her motion (ECF No. 16) is GRANTED, and this case is REMANDED to the Oakland County Circuit Court.

IT IS SO ORDERED.

Dated: February 25, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE